SO ORDERED: September 29, 2021.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LESLIE NICOLE STEPHENS, | ) | Case No. 20-03706-JMC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DEL HOPEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 20-50085 |
| | ) | |
| LESLIE NICOLE STEPHENS, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on (1) the *Motion for Summary Judgment* filed by Del Hopewell ("Plaintiff") on October 18, 2020 (Docket No. 10) (the "Motion") and *Defendant Leslie Nicole Stephens' Response in Opposition to Plaintiff's Motion for Summary*

*Judgment* filed by Leslie Nicole Stephens ("Debtor") on December 28, 2020 (Docket No. 15); and (2) *Defendant Leslie Nicole Stephens' Cross-Motion for Summary Judgment* filed on January 4, 2021 (Docket No. 16) (the "Cross-Motion"), *Plaintiff's Brief Opposing Defendant's Cross-Motion for Summary Judgment* filed on January 12, 2021 (Docket No. 17), and *Defendant Leslie Nicole Stephens' Reply Brief in Support of Her Cross-Motion for Summary Judgment* filed on January 26, 2021 (Docket No. 18). The Court, having reviewed the pleadings, the evidence designated thereby, and being duly advised, now **DENIES** the Motion and **GRANTS IN PART and DENIES IN PART** the Cross-Motion.

<u>Summary Judgment Standard</u>

1. Each party moves the Court to enter summary judgment in his/her respective favor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

2. To obtain summary judgment, a party must show that there is no genuine dispute as to any material fact and that such party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). The burden rests on the moving party to demonstrate that there is an absence of evidence to support the case of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-moving party to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324, 106 S.Ct. at 2553. If the non-moving party does not come forward with evidence that would reasonably permit the Court to find in the non-moving party's favor on a material issue of fact (and if the law is with the moving party), then the Court must enter summary judgment against the non-moving party. *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir.

1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Procedural Background*

3.   In his *Complaint to Determine Non-Dischargeability of Debts Under 11 U.S.C. 523(a)(2) and 523(a)(4) and 11 USC 523(a)(6)* (Docket No. 1), Plaintiff alleged that a debt owed by Debtor to Plaintiff is a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A) and (B), (a)(4) and/or (a)(6).[1] By the Motion, Plaintiff seeks summary judgment on claims arising under § 523(a)(2)(A) and (B). By the Cross-Motion, Debtor seeks summary judgment on claims arising under § 523(a)(2)(A) and (B), (a)(4) and (a)(6).

*Exceptions to Discharge*

4.   Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor." *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985). "The burden is on the objecting creditor to prove exceptions to discharge." *Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (citation omitted). The burden of proof required is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661 (1991).

5.   Section 523 provides, in relevant part:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
…
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
    (A) false pretenses, a false representation, or actual fraud … .
    (B) use of a statement in writing—
        (i) that is materially false;
        (ii) respecting the debtor's or an insider's financial condition;

---

[1] All statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive
> . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

…

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity … .

### § 523(a)(2)(A) – False Pretenses, False Representation, or Actual Fraud

6. The Seventh Circuit Court of Appeals distinguishes material differences among the three possible grounds for nondischargeability under § 523(a)(2)(A) and has formulated two different tests, one for both "false pretenses" and "false representation" and another for "actual fraud." *See Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 699-700 (Bankr. N.D. Ill. 2002) (citing *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000)).

7. To prevail on a nondischargeability claim under the "false pretenses" or "false representation" theory, a creditor must prove all of the following elements: "(1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010).

8. "What constitutes 'false pretenses' in the context of § 523(a)(2)(A) has been defined as 'implied misrepresentations or conduct intended to create and foster a false impression.'" *Mem'l Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996) (quoting *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 959 (Bankr. N.D. Ill. 1995) (quotations omitted)). "False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can

constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor." *Id.* at 928 (citation omitted).

9.  A "false representation" is a misrepresentation that can be shown by the debtor's written statement, spoken statement or conduct. *Deady v. Hanson (In re Hanson),* 432 B.R. 758, 772 (Bankr. N.D. Ill. 2010) (citing *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001)). "A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression." *Id.* (citing *Trizna & Lepri v. Malcolm (In re Malcolm),* 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)). "An intentional falsehood relied on under § 523(a)(2)(A) must concern a material fact." *Scarpello*, 272 B.R. at 700 (citing *Jairath*, 259 B.R. at 314).

10. Justifiable reliance is an intermediate level of reliance which is less stringent than "reasonable reliance" but more stringent than "reliance in fact." *See Field v. Mans*, 516 U.S. 59, 72-73, 116 S.Ct. 437, 445, 133 L.Ed.2d 351 (1995). Justifiable reliance requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation" and imposes no duty on the creditor to investigate unless the falsity of the representation is readily apparent. *Id.* at 71 (quotations omitted). Justifiable reliance is not measured from the objective person standard, but rather from the experiences and characteristics of the particular creditor. *Id.* (quotation omitted).

11. "Scienter, or intent to deceive, is … a required element under § 523(a)(2)(A) whether the claim is for a false representation, false pretenses, or actual fraud." *Gasunas v. Yotis (In re Yotis)*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016) (citation omitted).

12.     A debtor's intent to deceive for purposes of the false pretenses and false representation prongs on § 523(a)(2)(A) "is measured by a debtor's subjective intention at the time the representation was made." *Scarpello*, 272 B.R. at 700 (citing *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998)). "Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances." *Hanson*, 432 B.R. at 773 (internal citations omitted).

13.     "[A]ctual fraud is broader than misrepresentation," *McClellan*, 217 F.3d at 893, in that neither a debtor's misrepresentation nor a creditor's reliance is necessary to prove nondischargeability for "actual fraud." *Scarpello*, 272 B.R. at 700 (citing *McClellan*, 217 F.3d at 894). "Actual fraud" is defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another" which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan*, 217 F.3d at 893 (quotations omitted). *See also Husky Int'l Elec., Inc. v. Ritz*, -- U.S. --, 136 S.Ct. 1581, 1586, 194 L.Ed.2d 655 (2016) ("The word 'actual' has a simple meaning in the context of common-law fraud: It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.'") (quotation omitted). In such cases, a creditor must prove "(1) a fraud occurred; (2) the debtor intended to defraud the creditor; and (3) the fraud created the debt that is the subject of the discharge dispute." *Hanson*, 432 B.R. at 772 (citing *McClellan*, 217 F.3d at 894).

14.     "[T]he focus of an 'actual fraud' claim is on the defendant's state of mind at the time of his purportedly fraudulent conduct." *Merritt v. Wiszniewski (In re Wiszniewski)*, 2010 WL 3488960 at *5 (Bankr. N.D. Ill. 2010) (citation omitted).

*§ 523(a)(2)(B) – Written Statement Respecting Debtor's Financial Condition*

15.     "In order to prevail on a claim under § 523(a)(2)(B), a creditor must prove by a preponderance of the evidence that a debtor made, with an intent to deceive, a materially false written statement regarding his financial condition and that the creditor relied on that statement." *Matter of Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995).

16.     "Material falsity has been defined as 'an important or substantial untruth.' " *Matter of Bogstad*, 779 F.2d 370, 375 (7th Cir. 1985) (citations omitted). "A recurring guidepost used by courts has been to examine whether the lender would have made the loan had he known of the debtor's true financial condition." *Id.* (citations omitted). This guidepost is sometimes referred to as the "*causa sine qua non*" or "but for" test. *Selfreliance Fed. Credit Union. v. Harasymiw (In re Harasymiw)*, 895 F.2d 1170, 1172 (7th Cir. 1990). Courts have also described a materially false statement as "one that paints a substantially inaccurate picture of a debtor's financial condition by misrepresenting information of the type which normally would affect the decision to grant credit." *Midwest Comm. Fed. Cr. Union v. Sharp (In re Sharp)*, 357 B.R. 760, 765 (Bankr. N.D. Ohio 2007) (citation omitted).

17.     "[A] statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." *Lamar, Archer & Cofrin, LLP v. Appling,* -- U.S. --, 138 S.Ct. 1752, 1761, 201 L.Ed.2d 102 (2018).

18.     "The reasonableness of a creditor's reliance should be determined on a case by case basis." *Webster Bank, N.A. v. Contos (In re Contos)*, 417 B.R. 557, 566 (Bankr. N.D. Ill. 2009) (citing *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1989)).

> The Seventh Circuit has recognized that, in considering the reasonableness of a creditor's reliance, the court should not "undertake a subjective evaluation and judgment of a creditor's lending policy and practices," *In re Garman*, 643 F.2d 1252, 1256 (1980), nor use the requirement to "second-guess a creditor's lending

>   decisions." *In re Morris*, 223 F.3d 548, 553 (2000). So while "the concept of reasonable reliance does not generally require creditors to conduct an investigation prior to entering into agreements with prospective debtors," *Id.* at 554, a lender may not ignore evidence of deceit and expect the court to later grant an exception to the debtor's discharge. *In re Bogstad*, 779 F.2d 370, 372 n.4 (1985).

*Peoples Trust and Savings Bank v. Hanselman (In re Hanselman)*, 454 B.R. 460, 465 (Bankr. S.D. Ind. 2011).

19.  "Two factors to consider when determining whether a creditor's reliance was reasonable are (1) whether the creditor's standard practices in evaluating credit-worthiness were followed and (2) whether there existed a 'red flag' that would have alerted an ordinarily prudent lender to the possibility that the information is inaccurate." *Id.* at 464-65 (citing *Contos*, 417 B.R. at 566).

20.  Section 523(a)(2)(B) does not require the creditor "to make all possible inquiries or investigate all possible avenues of investigation[,]" and the creditor "need not necessarily independently investigate when the information on the application is not the creditor's sole source of the creditor's reliance." *Household Fin. Corp. v. Howard (In re Howard)*, 73 B.R. 694, 708 (Bankr. N.D. Ind. 1987) (citations omitted).

21.  "The law recognizes the duty of each to refrain from even attempted deceit of another with whom he deals, and the right of the latter to assume that he will do so . . . ." *Northern Trust Co. v. Garman (In re Garman)*, 643 F.2d 1252, 1260 (7th Cir. 1980) (quotation omitted). Courts have noted that "actual intent is only rarely ascertainable by direct evidence as a debtor is unlikely to ever admit acting in a fraudulent manner. Consequently, like with other matters where the debtor's state of mind is placed at issue, the use of circumstantial evidence is usually necessary to determine whether the debtor acted with the requisite intent to deceive." *Sharp*, 357 B.R. at 767 (citation omitted).

22.     For that reason, "[w]hile a creditor can prove intent to deceive through direct evidence, … it may also be inferred where 'a person knowingly or recklessly makes a false representation which the person knows or should know will induce another to make a loan.'" *Hanselman*, 454 B.R. at 465-66 (quoting *In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995)). *See also Fin. Pacific Leasing, LLC v. Kilaru (In re Kilaru)*, 552 B.R. 806, 815 (Bankr. N.D. Ill. 2016) (quotation omitted) (explaining that a debtor's "intent to deceive may also be demonstrated by showing reckless indifference to, or reckless disregard for, the accuracy of the information in a financial statement"). In addition, a debtor's mere "unsupported assertions of honest intent will not overcome the natural inferences from admitted facts." *Howard,* 73 B.R. at 700 (citing 3 COLLIER ON BANKRUPTCY, ¶ 523.09, at 523–62 (L. King, 15th ed.)).

*§ 523(a)(4)*

23.     A debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" may be excepted from discharge pursuant to § 523(a)(4). The Court will focus only on embezzlement and larceny because the parties have not suggested the presence of a fiduciary relationship.

*Embezzlement*

24.     Embezzlement is:

> the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Weber*, 892 F.2d 534, 538-39 (7th Cir. 1989), *abrogated on other grounds by Grogan v. Garner*, 489 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In order to prove embezzlement, a creditor must show that the debtor (1) appropriated property for her own benefit; and (2) that she did so with fraudulent intent or deceit. *Id.* Thus, it is not sufficient that the debtor act without authority, but she must also have fraudulent intent.

*Wallner v. Liebl (In re Liebl)*, 434 B.R. 529, 537 (Bankr. N.D. Ill. 2010).

25. "For embezzlement, fraudulent intent 'is knowledge that the use is devoid of authorization, *scienter* for short.' " *FNA Group, Inc. v. Demetrios Arvanitis (In re Arvanitis)*, 523 B.R. 633, 639 (Bankr. N.D Ill. 2015) (quoting *Sherman v. Potapov (In re Sherman)*, 603 F.3d 11, 13 (1st Cir. 2010)). See also *Bank Calumet v. Whiters (In re Whiters)*, 337 B.R. 326, 332 (Bankr. N.D. Ind. 2006) (" 'Embezzlement, for purposes of … § 523 … "requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud." ' " (quotation omitted)).

26. "Embezzlement differs from larceny only in that the original taking was lawful." *Schaffer v. Dempster (In re Dempster)*, 182 B.R. 790, 802 (Bankr. N.D. Ill. 1995).

<u>*Larceny*</u>

27. "Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991) (citations omitted). "The original taking must be unlawful and the debtor must have felonious intent at the time of the taking." *Chiromo v. Grigoletti (In re Grigoletti)*, 2010 WL 5055927, at *2 (Bankr. S.D. Ind. 2010) (citation omitted).

<u>*§ 523(a)(6) – Willful and Malicious Injury*</u>

28. A debt may be excepted from discharge pursuant to § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity". "Bankruptcy courts in [the Seventh Circuit] have focused on three points: (1) an injury caused by the debtor (2) willfully and (3) maliciously." *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) (citations omitted).

29. Injury "is understood to mean a 'violation of another's legal right, for which the law provides a remedy.' The injury need not have been suffered directly by the creditor

asserting the claim. The creditor's claim must, however, derive from the other's injury." *Id.* (internal citations omitted).

30. "Willfulness requires 'a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.' " *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original)). " 'Willfulness' can be found either if the 'debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury.' " *Id.* (quotation omitted).

31. Maliciousness requires the debtor to act "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quotation omitted). The Seventh Circuit recently reaffirmed its definition of maliciousness from *Thirtyacre* as good law. *Horsfall*, 738 F.3d at 774-75.

*Reasoning*

32. The relevant undisputed material facts are that Debtor attempted to purchase an insurance agency / "book of business" (the "Agency") from Victor Gray. Debtor did not have independent access to the funds necessary to close the purchase. Plaintiff agreed to loan $111,000 to Debtor (the "Loan"), which was memorialized in that certain *Promissory Note* executed on June 17, 2019 by Plaintiff and Debtor (the "Note"). Ultimately, Debtor did not purchase the Agency.

33. Summary judgment is inappropriate for claims arising under § 523(a)(2)(A), (a)(4), and (a)(6). As described above, to prevail on such claims, Plaintiff must prove that Debtor had the requisite intent. Based on a review of the designated evidence, the Court concludes that Debtor's intent is a genuine issue of material fact. For example, Debtor alleges

that she intended to use the Loan proceeds to purchase the Agency, while Plaintiff alleges that Debtor never intended to use the Loan proceeds to purchase the Agency.  Therefore, the Court cannot grant summary judgment on the § 523(a)(2)(A), (a)(4), and (a)(6) claims.

34.     While Debtor's intent to deceive is also an element of a § 523(a)(2)(B) claim, the Court would only address the element of intent after determining that there is a written statement respecting Debtor's financial condition that is materially false.  In the section of his brief related to § 523(a)(2)(B), Plaintiff references the Note, emails and invoices.  (Docket No. 10-7, pp. 9-11.)

    a.     There were no emails or invoices designated as evidence in support of the Motion, so the Court will ignore those references and focus solely on the Note.

    b.     Plaintiff relies on *Appling*, specifically quoting "a statement about a single asset . . . can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not." *Appling*, 138 S.Ct. at 1761.  (Docket No. 10-7, p. 10.)  *Appling* is factually distinguishable because, as the case quotation indicates, the statement at issue in that case was about an asset (tax refund) of the debtor.  Here, the Note documents a liability of Debtor arising from the transaction between Plaintiff and Debtor.

    c.     Plaintiff argues in his brief that the Note "expressly demonstrated [Debtor's] intention and ability to repay the [Loan]." (Docket No. 10-7, p. 10.)  Putting to the side that this statement directly undercuts Plaintiff's assertions elsewhere in his brief that Debtor had no intention to repay the Loan, Plaintiff has pointed to nothing in the language of the Note that is materially false.  Debtor may not have repaid the Loan according to the Note's terms, but that does not make the Note materially false.  In addition, Plaintiff has cited no authority to support his arguments that (i) the debt

instrument (here, the Note) memorializing the subject transaction (here, the Loan) can also be the statement respecting financial condition for § 523(a)(2)(B) purposes; (ii) a breach of the terms of a debt instrument constitutes proof of intention not to pay; or (iii) the debt instrument was materially false because the payment terms were breached. Therefore, the Court concludes that summary judgment in favor of Debtor is appropriate on the § 523(a)(2)(B) claim.

*Conclusion*

For the reasons set forth above, the Court denies the Motion, denies the Cross-Motion with respect to the § 523(a)(2)(A), (a)(4), and (a)(6) claims and grants the Cross-Motion with respect to the § 523(a)(2)(B) claim. The Court will enter judgment in favor of Debtor and against Plaintiff with respect to the § 523(a)(2)(B) claim contemporaneously herewith.

The Court sets a telephonic status conference for this adversary proceeding on **October 18, 2021 at 10:30 a.m. EDT**. To participate, parties should call (888) 273-3658, passcode 6349352. The Court expects the parties to address whether Plaintiff's wife, who is referenced in the Note but does not appear to be a signatory thereto, is a necessary party to this adversary proceeding.

IT IS SO ORDERED.

# # #